IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICKY LYNN TOWNSEND #492049 | § | |
| v. | § | CIVIL ACTION NO. 6:10cv418 |
| WARDEN CHUCK BISCOE, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Ricky Townsend, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his complaint and at an evidentiary hearing, Townsend complained of the feeding procedures in the Texas Department of Criminal Justice, Correctional Institutions Division. He said that at the Beto Unit, the inmates had to stand in long lines, but he is handicapped and had to use a cane and brace. Standing in the lines caused him pain, and so on about five occasions, he tried to go to the front of the line, but the officers would not let him, telling him to stand in line or leave. He did not get meals at these times. On about 15 other occasions, Townsend said that he just left without speaking to any officers, and again received no meal. These incidents occurred at the Beto Unit between April 20, 2008, and September 30, 2010. Townsend also alleged that these incidents violated the Americans with Disabilities Act.

Townsend also complained about an incident which occurred at the Powledge Unit, in which he was denied a hot meal. He also acknowledged that he had not completed the administrative remedy process at the Powledge Unit.

1

After review of the pleadings and testimony, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge cited Fifth Circuit cases saying that the deprivation of some 50 meals over a five-month period was not a constitutional deprivation, nor was the deprivation of eight meals over a seven month period. Thus, the Magistrate Judge said, the mere fact that Townsend missed about 20 meals in a 29 month period was likewise not a constitutional deprivation, in that it did not deprive him of "a minimal measure of life's necessities."

Although Townsend complained that the Beto Unit was not following proper TDCJ feeding procedures, the Magistrate Judge determined that the violation of prison rules alone does not amount to a constitutional violation.

With regard to the Americans with Disabilities Act claim, the Magistrate Judge noted that plaintiffs may not bring actions under 42 U.S.C. §1983, the Civil Rights Act, to vindicate rights created by Title II of the Americans with Disabilities Act or Section 504 of the Rehabilitation Act. In addition, Townsend sought only injunctive relief under the ADA, but the Magistrate Judge concluded that such relief would be moot because Townsend is no longer at the Beto Unit. Finally, the Magistrate Judge recommended dismissal of Townsend's claims concerning the Powledge Unit because these claims were not exhausted and because Townsend complained only that he was deprived of one hot meal; he conceded that he had received a sack meal on that occasion.

Townsend filed objections to the Magistrate Judge's Report on May 10, 2011, but these simply asked for an extension of time. This request was granted, and Townsend filed his objections on May 31, 2011.

In his objections, Townsend first asserts that an attorney should be appointed to represent him. He argues that his claims are not moot because his rights were violated, he was mistreated, and he suffered both mentally and physically. Townsend disclaims any intent to bring any claims regarding the Powledge Unit, and asserts that the warden and nurse who were present at the evidentiary hearing were not competent to address the Court; he also contends that the nurse's testimony "was incorrect and may even be construed as perjury."

Townsend's objections are without merit. He has failed to show the exceptional circumstances required for the appointment of counsel, as set out in Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Townsend's claims are moot to the extent that he seeks injunctive relief, which is in fact the only relief specifically sought in the complaint; Townsend's request for relief in his amended complaint reads, in its entirety, as follows:

> I wish to sue all above defendants in their official and private capacities for disability discrimination(s) for the appropriate relief deemed by this court. That an order of this court be forthwith issued for ADA compliance implementation pertaining to meals.

The only specific request made is for the court order regarding ADA compliance, which is a request for injunctive relief mooted by Townsend's transfer off of the Beto Unit. Gillespie v. Crawford, 858 F.2d 1101, 1102 (5th Cir. 1988); Rocky v. King, 900 F.2d 864, 867 (5th Cir. 1990). This objection is without merit.

Townsend disclaims any intent to sue regarding the Powledge Unit. While the Magistrate Judge did not err in determining that any such claims lacked merit, Townsend has in effect dismissed any such claims voluntarily.

Finally, Townsend complains about the testimony of the nurse and warden at the evidentiary hearing, but offers nothing to show how such testimony was in error, much less that it was perjured. Furthermore, the Magistrate Judge recounted the testimony of the nurse and the warden in the Report, but did not rely on it in analyzing Townsend's claims; rather, the Magistrate Judge properly accepted Townsend's testimony as true, and did not consider any evidence which contradicted this testimony. Townsend's objections fail to show that any of the Magistrate Judge's proposed findings or conclusions were in error.[1]

The Court has conducted a careful *de novo* review of the pleadings and testimony in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de*

---

[1] Townsend did not object to the Magistrate Judge's conclusion that the deprivation of 20 meals in a 29-month period did not amount to a constitutional violation.

3

*novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted, and as moot with regard to Townsend's request for injunctive relief. Any claims which Townsend may have raised regarding the Powledge Unit are DISMISSED without prejudice. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED. Finally, it is

ORDERED that a copy of this opinion shall be sent by the Clerk to the Administrator of the Strikes List for the Eastern District of Texas.

**SIGNED this 8th day of June, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE